**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
DEMETRI EASTER,                 )
                                )
          Plaintiff,            )
                                )
     v.                         )  Civ. Action No. 14-1754 (EGS)
                                )
DISTRICT OF COLUMBIA,           )
                                )
          Defendant.            )
_____)

<u>**MEMORANDUM OPINION**</u>

   Plaintiff Demetri Easter ("Mr. Easter") brings this action
against the District of Columbia ("the District") alleging
violations of the Individuals with Disabilities Education Act
("IDEA"), 20 U.S.C. § 1400 _et seq._, and Section 504 of the
Rehabilitation Act, 29 U.S.C. § 794(a). On December 5, 2014, the
District moved for partial dismissal of the complaint. On
January 22, 2015, Mr. Easter moved to amend the complaint. For
the reasons set forth below, Mr. Easter's motion to amend the
complaint is GRANTED, and the District's motion for partial
dismissal of the complaint is DENIED WITHOUT PREJUDICE AS MOOT.

   I.   **BACKGROUND**

   Mr. Easter is a 22-year-old student who has been found
eligible for special education services as a student with a
disability under the IDEA. Compl., ECF No. 1 at ¶ 9. From 2008
to 2013, Mr. Easter was committed to the D.C. Department of

Youth Rehabilitation Services ("DYRS"), the District's juvenile justice system. *Id.* at ¶ 10. Mr. Easter was released from commitment on his 21st birthday, April 7, 2013, and has been homeless since that time. *Id.*

Mr. Easter's complaint alleges that he was denied a free appropriate education ("FAPE") as guaranteed by the IDEA.[1] *See generally* Compl. Specifically, while Mr. Easter was committed to Alternative Solutions for Youth ("ASY"), a secure DYRS-managed facility, he did not receive any special education services. *Id.* at ¶ 17. Mr. Easter alleges that because no Local Education Agency is assigned responsibility for students housed at ASY, he was denied special education services, despite his eligibility.[2] *Id.* Further, when Mr. Easter was released from commitment in April of 2013, he alleges that D.C. Public Schools ("DCPS") failed to offer him a viable option for continuing his education. *Id.* at ¶ 25. Specifically, DCPS suggested that Mr.

---

[1] A FAPE includes "special education and related services . . . provided at public expense . . . in conformity with the [student's] individualized education program." 20 U.S.C. § 1401(9).

[2] The IDEA operates according to a three-tiered scheme under which the state, or in this case the District, submits a plan of compliance to the U.S. Secretary of Education who then administers IDEA funds. 20 U.S.C. §§ 1412-1414. The state is then responsible for distributing funds to the Local Education Agencies who directly provide education services to students and who must spend the funds in a manner consistent with the purpose and substantive provisions of the IDEA. *Id.* at §§ 1413(a), 1414(a),(b).

Easter enroll as a ninth grader at Anacostia Senior High School even though he was nearly 22 years old. *Id.* Nonetheless, Mr. Easter attempted to enroll in the ninth grade, but was turned away due to a lack of documentation proving his residency in the District. *Id.* at ¶ 22. Mr. Easter's lack of permanent residence prevented him from enrolling in any educational placement for the 2013-2014 School Year. *Id.* at ¶ 43.

On July 8, 2013, Mr. Easter's counsel filed a complaint with the Office of the State Superintendent of Education ("OSSE") on behalf of Mr. Easter, three other named complainants, and all similarly situated students – that is, students aged 18-22 with special education needs who had been, or were presently, committed to DYRS. *Id.* at ¶ 30. In a Letter of Decision dated November 20, 2013, OSSE found that DCPS had not complied with various provisions of the IDEA and accompanying regulations.[3] *Id.* at ¶ 34. As a corrective action for the violations related to Mr. Easter, the Letter of Decision directed DCPS to convene a meeting with Mr. Easter to determine an immediate educational

---

[3] Though too extensive to recount in detail here, these violations included a failure on the part of DCPS to take reasonable steps to promptly obtain Mr. Easter's education records or evaluate Mr. Easter for special education services, and a systemic failure on the part of both DCPS and DYRS to maintain valid and reliable education data for adult students. Compl., ECF No. 1 at ¶¶ 34, 35.

placement and to develop a plan for compensatory education services. *Id.* at ¶ 36.

During a meeting held on March 12, 2014, DCPS again suggested that Mr. Easter enroll at Anacostia Senior High School as a ninth grader, or alternatively, that he waive special education services and attend an accelerated program designed for older students who were behind their same-age peers. *Id.* at ¶ 44. Mr. Easter inquired about alternative programs, including the Kingsbury HOPE program, but was told his "level of service was too high" and that none of the DCPS programs for adult students could accommodate his special education needs. *Id.* at ¶ 45. In short, Mr. Easter could attend a program with his same-age peers, but only if he waived his right to special education services. *Id.* Unsatisfied with the District's proposal, Mr. Easter filed an administrative Due Process Complaint against DCPS and OSSE on April 4, 2014. *Id.* at ¶ 47. Following lengthy proceedings, the Hearing Officer provided Mr. Easter some, but not all, of the relief he requested.[4] *Id.* at ¶ 55.

Mr. Easter filed a complaint in this Court on October 20, 2014. First, Mr. Easter alleges that errors committed by the

---

[4] Mr. Easter sought approximately three years of compensatory education services, but was awarded only one year. Compl., ECF No. 1, at ¶¶ 48, 55. Additionally, Mr. Easter raised "systemic" claims and a claim under the Rehabilitation Act, but these claims were dismissed for lack of jurisdiction. *Id.* at ¶ 55.

Hearing Officer adversely impacted the level of compensatory education he was awarded.[5] *Id.* at 15-20. Second, Mr. Easter alleges that the District systematically violated the IDEA by failing to identify a Local Education Agency responsible for students committed to ASY. *Id.* at 20-24. Third, Mr. Easter alleges that the District discriminated against him because of his disability, in violation of Section 504 of the Rehabilitation Act. *Id.* at 24-25. Mr. Easter seeks a declaratory judgment against DCPS and OSSE, an order that the District provide appropriate compensatory awards to Mr. Easter, an award of attorney's fees and costs, and any other relief the Court deems just and proper. *Id.* at 25.

On December 5, 2014, the District moved for partial dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Def's. Mot., ECF No. 9. The District contends that Mr. Easter's "systemic" claim is not cognizable under the IDEA and that Mr. Easter has failed to plead sufficient facts in support of a Rehabilitation Act claim.[6] *Id.* at 5-8. On January 22, 2015, Mr. Easter moved to amend his complaint. Pl's. Mot., ECF No. 14.

---

[5] Among other things, Mr. Easter argues that the Hearing Officer erred in finding that DCPS did not have notice of his homelessness. Compl., ECF No. 1 at ¶ 59-70.

[6] The District does not move to dismiss Mr. Easter's claim of Hearing Officer error.

Without conceding that his initial complaint failed to state a
claim, Mr. Easter argues that the proposed amended complaint is
a timely, good faith effort to clarify the facts and legal
theories underlying his claims.[7] *Id.* at 4. In addition to the
relief sought in the original complaint, the amended complaint
also seeks injunctive relief requiring the District to take
appropriate affirmative steps to remedy the systemic violations.
*Id.* at 27. The District opposes the motion to amend. Def's.
Opp., ECF No. 17.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that leave to
file an amended complaint should be "freely give[n]. . . when
justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, although
the decision to grant a motion to amend is within the district
court's discretion, *Walker v. Pharm Research & Mfrs. of Am.*, 256
F.R.D. 234, 238 (D.D.C. 2009), it is an abuse of discretion for
the court to deny leave without "provid[ing] a sufficiently
compelling reason." *Robinson v. Detroit News, Inc.*, 211 F. Supp.

---

[7] Specifically, the amended complaint divides the systemic claim
into two separate counts – one concerning the District's failure
to monitor and enforce the IDEA to ensure all students receive
FAPE, and the second concerning the District's failure to
identify the Local Education Agency responsible for students in
the juvenile justice system. *See generally* Amend. Compl., ECF
No. 14-1 at 20-25. Mr. Easter's other claims remain
substantially similar although he provides additional facts. *See
generally id.*

2d 101, 113-114 (D.D.C. 2002). Such reasons may include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, under Rule 15(a) the non-movant bears the burden of persuasion that a motion to amend should be denied. *See Dove v. Wash. Metro. Area Trasit Auth.,* 221 F.R.D. 246, 247 (D.D.C. 2004).

Where the court grants the Plaintiff's motion for leave to file an amended complaint, the amended complaint supersedes the prior operative complaint. *Nat'l Mortg. Co. v. Navarro*, 220 F.R.D. 102, 106 (D.D.C. 2006)(citing *Washer v. Bullit Cnty.*, 110 U.S. 558, 562 (1884)). Any pending motions to dismiss the prior operative complaint may be dismissed without prejudice as moot. *Nat'l Mortg. Co.*, 220 F.R.D. at 106; *Johnson v. District of Columbia*, No. 13-CIV-1445, 2015 WL 4396698, at *2 (D.D.C. July 7, 2015)(citing *Turner v. Knight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002)).

   **III. ANALYSIS**

   **A. Mr. Easter's Amended Complaint is Timely and in Good Faith**

Mr. Easter argues that the amended complaint is a timely and good faith effort to clarify the facts and legal theories

underlying his claims and that the amended complaint does not radically alter the scope and nature of his claims for relief.[8] Pl.'s Mot., ECF No. 14 at 6-7. He argues that the District will not be unduly prejudiced by the filing of an amended complaint and that the amended complaint is not futile because it states a plausible claim for relief. *Id.* at 7-8. The District argues that granting leave to amend is futile because Mr. Easter's systemic claims and Rehabilitation Act claim, as alleged in the amended complaint, fail to cure deficiencies in his original complaint. Def.'s Opp., ECF No. 17 at 4.[9]

"An amendment is futile if the proposed claim would not survive a motion to dismiss." *Smith v. Café Asia*, 598 F. Supp. 2d 45, 48 (D.D.C. 2009) (internal quotation marks omitted). For

---

[8] Mr. Easter first argues that he is entitled to file an amended complaint "as a matter of course" pursuant to Federal Rule 15(a)(1). *See* Pl.'s Mot., ECF No. 14 at 1, 5-6. After the 2009 Amendments to the Federal Rules of Civil Procedure, however, this is no longer correct. The amended rule now provides for amendment "as a matter of course" within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The District filed a motion to dismiss pursuant to Rule 12(b)(6) on December 5, 2014 and Mr. Easter did not file a motion to amend his complaint until January 22, 2015 – that is, 48 days later. Accordingly, the applicable provision is Rule 15(a)(2) which provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

[9] The District does not argue that it would be unduly prejudiced by the filing of an amended complaint or that Mr. Easter has acted in bad faith, or with dilatory motive, in moving to amend.

practical purposes, review for futility is identical to review of a Rule 12(b)(6) motion to dismiss. *Driscoll v. George Washington Uni.*, 42 F. Supp. 3d 52, 57 (D.D.C. 2012). A claim survives a motion to dismiss if it pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied on by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits.").

### 1. Mr. Easter's "Systemic" Claims

The District argues Mr. Easter's "systemic" claims are futile because they fail to identify an appropriate claim for relief. Def's. Opp., ECF No. 17 at 5. Mr. Easter counters that his allegations concerning the District's failure to monitor the Local Education Agencies and failure to identify a Local Education Agency for students committed to ASY clearly establish an IDEA violation. Pl.'s Mot., ECF No. 18 at 2-3.

Courts have recognized "systemic" claims under the IDEA where the plaintiff has alleged a "pattern and practice" of systematic IDEA violations unable to be addressed through the Due Process Hearing procedures. *See Quatroche v. East Lyme Bd. of Educ.*, 604 F. Supp. 2d 403, 411 (D. Conn. 2009) (citing *Mrs. W. v. Tirozzi*, 832 F.2d 748, 757 (2nd Cir. 1987)). A claim is "systemic" where the complaint "implicates the integrity of the IDEA's dispute

resolution procedures themselves, or requires restructuring of the education system itself in order to comply with the dictates of the [IDEA]." *Mrs. M. v. Bridgeport Board of Educ.*, 96 F. Supp. 2d 124, 133 n. 12 (D. Conn. 2000); *see also Blunt v. Lower Meiron School Dist.*, 559 F. Supp. 2d 548, 558 (E.D. Pa. 2008) (recognizing an exception to the IDEA's administrative exhaustion requirement where the plaintiff has alleged "systemic legal deficiencies" unable to be remedied through administrative procedures).

Mr. Easter has sufficiently stated a systemic violation of the IDEA by alleging that the District failed to identify a Local Education Agency responsible for students at ASY. This failure, he alleges, meant that he was not offered special education services while committed to ASY. This is precisely the type of issue that cannot be addressed on a student-by-student basis during Due Process Hearings, but is better addressed by seeking injunctive relief in federal court, as Mr. Easter does here. Accordingly, Ms. Easter's systemic claims are not futile.

**2. Mr. Easter's Rehabilitation Act Claim**

The District argues that Mr. Easter's Rehabilitation Act claim is futile because he fails to allege that he was discriminated against solely based on his disability, or that OSSE and DCPS acted with bad faith or gross misjudgment. Def's. Opp., ECF No. 17 at 6-7. Mr. Easter maintains that his allegations clearly

establish the nexus between his disability and the District's
failure to provide him FAPE. Pl.'s Rep., ECF No. 18 at 5.
Further, Mr. Easter argues that he has pled sufficient facts to
raise a reasonable inference that the District exercised gross
misjudgment in that the District (1) failed to offer adult
education to someone with his special education needs, and (2)
suggested he waive his right to FAPE in order to attend school
with his same-age peers. *Id.*

To sustain a Rehabilitation Act claim, a plaintiff must show
that the discrimination or exclusion was caused "solely by
reason of" his or her disability. *Alston v. District of
Columbia*, 561 F. Supp. 2d 29, 38 (D.D.C. 2008)(citing *Lunceford
v. D.C. Bd. of Educ.*, 745 F.2d 1577, 1580 (D.C. Cir. 1984)).
Further, liability will not be imposed so long as the officials
involved exercised "professional judgment, in such a way as to
not depart grossly from accepted standards among education
professionals." *Walker v. District of Columbia*, 969 F. Supp.
794, 797 (D.D.C. 1997).

The allegations in the amended complaint support a
Rehabilitation Act claim. While adult students who do not have
disabilities may attend alternative programs with their same-age
peers, Mr. Easter was denied a free appropriate education at an
alternative program because he required more special education
services than any program for adult students could provide. In

other words, Mr. Easter alleges he was denied the same services as other adult students *solely because of* his disability. Further, Mr. Easter alleges that he was given the choice between waiving his right to special education in order to attend school with his same-age peers or attending a traditional high school as a ninth grader. A reasonable fact finder may conclude that such a choice was grossly out of line with accepted educational standards. Allowing amendment of Mr. Easter's Rehabilitation Act claim is therefore not futile, and Mr. Easter's motion to amend the complaint is granted.

## B. The District's Motion to Dismiss is Moot

Leave to amend the complaint having been granted, Mr. Easter's amended complaint supersedes the original complaint and becomes the operative complaint. *See Nat'l Mortg. Co.*, 220 F.R.D. at 106. The District's pending motion to dismiss refers to the original complaint. Where leave to amend the complaint has been granted, all pending motions pertaining to the prior operative complaint may be denied without prejudice as moot. *Id.; Johnson*, 2015 WL 4396698, at *5. Accordingly, the District's motion to dismiss the original complaint is denied without prejudice as moot.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Easter's motion for leave to file an amended complaint is GRANTED, and the District's motion

for partial dismissal of the original complaint is DENIED

WITHOUT PREJUDICE AS MOOT. An appropriate order accompanies this

Memorandum Opinion.

**Signed:**      **Emmet G. Sullivan**
                **United States District Judge**
                **September 8, 2015**